FILED

NOV  5 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
Plaintiff,                      )
                                )
v.                              )    **4:20CR00691 SRC/NCC**
                                )
LESTER A. BULL,                 )
    a/k/a "Unc,"                )
CHARLES STROZIER,               )
    a/k/a "Charles Vickers,"    )
LORENZO JOHNSON,                )
    a/k/a "B-Real,"             )
MARIO C. THOMAS, and            )
LANCE L. MADKINS,               )
                                )
Defendants.                     )

## INDICTMENT

### COUNT 1
(Conspiracy to Distribute Controlled Substances)

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but including June 2016, in St. Louis

County, within the Eastern District of Missouri, and elsewhere, the defendants,

**LESTER A. BULL, a/k/a "Unc,"**
**CHARLES STROZIER, a/k/a "Charles Vickers,"**
**LORENZO JOHNSON, a/k/a "B-Real,"**
**MARIO C. THOMAS, and**
**LANCE L. MADKINS,**

knowingly and intentionally combined, conspired, confederated, and agreed together and with

each other, and with other persons known and unknown to the Grand Jury, to commit the following

offenses against the United States: to distribute and possess with the intent to distribute controlled

substances, including, methamphetamine, cocaine, fentanyl, heroin, and marijuana, in violation of

Title 21, United States Code, Section 841(a)(1).

<u>Quantity of Controlled Substance Involved in the Conspiracy</u>

1.      With respect to defendant **LESTER BULL, a/k/a "Unc,"** the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, and one hundred kilograms or more of marijuana making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A) and (B).

2.      With respect to defendant **CHARLES STROZIER, a/k/a "Charles Vickers,"** the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, and one hundred kilograms or more of marijuana making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A) and (B).

3.      With respect to defendant **LORENZO JOHNSON, a/k/a "B-Real,"** the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, and one hundred kilograms or more of marijuana making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A) and (B).

4.     With respect to defendant **MARIO C. THOMAS** the amount of controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A).

5.     With respect to defendant **LANCE L. MADKINS**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, and forty grams or more of a mixture or substance containing a detectable amount of fentanyl, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A) and (B).

All in violation of Title 21, United States Code, Section 846 and punishable under Title 21, United States Code, Section 841(b)(1)(A), (B), and (C).

## COUNT 2
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges that:

Beginning at a time unknown, but including January 2018 and continuing through October 9, 2020, with exact dates unknown to this Grand Jury, in the Eastern District of Missouri and elsewhere, the defendants,

**LESTER A. BULL, and**
**CHARLES STROZIER, a/k/a "Charles Vickers," and**
**MARIO C. THOMAS,**

knowingly combined, conspired, confederated, and agreed with each other and persons known and unknown to this Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit:

    (a)     to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    (b)     to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    (c)     to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction

4

represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(d)     to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is United States Postal Money Orders, such property having been derived from a specified unlawful activity, that is, distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS OF THE CONSPIRACY

1.     It was part of the money laundering conspiracy that defendants **LESTER A. BULL, a/k/a "Unc," CHARLES STROZIER, a/k/a "Charles Vickers," MARIO C. THOMAS,** and others acting at their direction purchased and caused to be purchased United States Postal Money Orders at various Post Offices in St. Louis, Missouri, and elsewhere.

2.     It was part of the money laundering conspiracy that the postal money orders were purchased in amounts structured to avoid the transaction reporting requirements set forth by federal law, and, as such, in violation of the reporting requirement of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, and caused the United States Post Office, a financial institution, to fail to complete a required transaction record.

3.     It was part of the money laundering conspiracy that defendants **LESTER A. BULL, a/k/a "Unc," CHARLES STROZIER, a/k/a "Charles Vickers," MARIO C. THOMAS,** and others acting at their direction mailed the postal money orders to co-conspirators in California.

4.     It was part of the money laundering conspiracy that co-conspirators and others associated with the defendants negotiated the postal money orders in California, and elsewhere, often in a structured manner to avoid law enforcement detection.

5.      It was part of the money laundering conspiracy that the postal money orders were payment for controlled substances.

All in violation of Title 18, United States Code, Sections 1956(a), 1956(h), and 1957.

## COUNT 3
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

The Grand Jury further charges that:

On or about October 9, 2020, in the Eastern District of Missouri, the defendants,

**LESTER A. BULL, a/k/a "Unc," and
CHARLES STROZIER, a/k/a "Charles Vickers,"**

knowingly possessed one or more firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with the intent to distribute controlled substances; in violation of Title 18, United States Code, Section 924(c)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 4
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

The Grand Jury further charges that:

On or about October 8, 2020, in the Eastern District of Missouri, the defendant,

**LORENZO JOHNSON, a/k/a "B-Real,"**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a controlled substance; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5
(Felon in Possession of a Firearm)

The Grand Jury further charges that:

On or about October 12, 2020, in the Eastern District of Missouri, the defendant,

**LESTER A. BULL, a/k/a "Unc,"**

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms, said firearms having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

### COUNT 6
(Felon in Possession of a Firearm)

The Grand Jury further charges that:

On or about October 9, 2020, in the Eastern District of Missouri, the defendant,

### CHARLES STROZIER, a/k/a "Charles Vickers,"

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms, said firearms having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

### COUNT 7
(Felon in Possession of a Firearm)

The Grand Jury further charges that:

On or about October 8, 2020, in the Eastern District of Missouri, the defendant,

### LORENZO JOHNSON, a/k/a "B-Real,"

knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed one or more firearms, said firearms having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.       Pursuant to Title 21, United States Code, Sections 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846, as set forth in Count

7

One, the defendants shall forfeit to the United States of America any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

2.    Subject to forfeiture is a sum of money equal to the total value of any property, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations set forth in Count 1.

3.    Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956, and 1957, as set forth in Count 2, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.

4.    Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in the offense, or any property traceable to such property, for the offense charged in Count 2.

5.    Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g)(1) or 924(c), as set forth in Counts 3 through 7, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said violation(s).

6.    Specific property subject to forfeiture includes, but is not limited to, the following:

a.    Approximately $9,163.01 U.S. Currency.

7.    If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

8

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided

           without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

                  A TRUE BILL.


                  _____

                  FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
JEANNETTE S. GRAVISS, #44483MO
Assistant United States Attorney